UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY,<br>an individual,<br><br>Plaintiff,<br>vs.<br><br>CUMBERLAND POINTE RETAIL<br>COMMONS, LLC,<br>an Indiana Limited Liability Company,<br><br>Defendant. | CASE NO.: 1:26-cv-2242 |

**COMPLAINT**

Plaintiff, DENNIS TOOLEY, ("Mr. Tooley" or "Plaintiff") through his undersigned counsel, hereby files this Complaint and sues CUMBERLAND POINTE RETAIL COMMONS, LLC, an Indiana Limited Liability Company, ("CPRC" or "Defendant") for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §§ 12181-12189 ("Title III of the Americans with Disabilities Act" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to the ADA and 28 U.S.C. §§ 2201–2202. This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue is proper in the Indianapolis Division of this Court pursuant to 28 U.S.C. § 1391(b) and Rule 3.1(B), Local Rules of the United States District Court for the Southern District of Indiana.

3. Plaintiff, Dennis Tooley, is a resident of Johnson County, Indiana.

4. Plaintiff is an individual with a disability as defined in 42 U.S.C. § 12102. Plaintiff

suffers from Multiple Sclerosis, which causes severe nerve damage and severely limits many of his major life activities, including walking, standing, bending and lifting. Due to these permanent conditions, Plaintiff generally uses a wheelchair for mobility.[1]

5. Defendant CUMBERLAND POINTE RETAIL COMMONS, LLC, is an Indiana Limited Liability Company. According to Hamilton County public records, Parcel ID: 10-11-07-00-06-001.000, Defendant is the owner of the real property and improvements which are the subject of this action: the Property located at 15887 Cumberland Rd, Noblesville, IN 46060. (the "Property").

6. All events giving rise to this lawsuit occurred in the Southern District of Indiana, Hamilton County, Indiana.

**COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

7. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

8. The Property owned by Defendant, a shopping plaza, is a place of public accommodation under 42 U.S.C. § 12181(7)(E) because it includes sales and/or retail establishments.

9. Plaintiff has visited the Property several times over the past year and attempted to utilize the goods and services offered at the Property. Although the Property is about 37 miles from his residence, Plaintiff frequently travels to the Noblesville area about one to two times per month for regular medical appointments and for work.

[1] Plaintiff is capable of walking short distances without assistance on good days.

10. Plaintiff most recently visited the Property in early October, 2026. While there, Plaintiff encountered serious difficulty accessing the goods and utilizing the services thereon due to the architectural barriers more fully discussed herein.

11. Mr. Tooley still desires to visit the Defendant's Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

12. Plaintiff plans to and will visit the Property about every other month because it includes stores that he enjoys. Furthermore, but for these barriers to access, Plaintiff would patronize at the Property more often.

13. Defendant is in violation of 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. §§ 36.304, 36.401 or 36.402,[2] and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which Plaintiff personally encountered and which hindered/reduced Plaintiff's access throughout the Defendant's Property:

A. Plaintiff personally encountered that all six (6) of the intended ADA parking spaces in the lot were inaccessible due to faded paint markings on the ground and a complete lack of any signage to identify the spaces as exclusively for disabled use in violation of the 2010 ADA Standards §§ 502.6 and 502.3.3. These conditions made it difficult and dangerous for Plaintiff to identify and utilize the ADA spaces in the parking lot and able-bodied persons often park in the intended ADA spaces.

B. Plaintiff personally encountered inaccessible parking spaces intended for disabled use due to pavement in disrepair and excessive slopes over

[2] Depending on the date when certain accessibility features were first constructed.

1:48 caused by a large protruding curb ramps which obstruct the access aisles and spaces in violation of 2010 ADA Standards §§ 303, 502.4, and 406.5. Due to these issues, Plaintiff has difficulty and must use extra caution loading and unloading from his vehicle and making his way from the vehicle to the sidewalk.

C. Plaintiff personally encountered four (4) inaccessible curb ramps (same ramps as noted above) connecting the ADA parking spaces with the property sidewalk due to excessive side flare slopes in excess of 1:10, running slopes over 1:12, pavement in disrepair and lack of smooth transitions in violation of 2010 ADA Standards §§ 405.2, 405.3, 406.2, and 406.3. These conditions increased Plaintiff's risk of a fall and required that he use extra caution maneuvering over the ramps.

14. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist. Furthermore, Defendant has failed to maintain its Property in an accessible condition as required under 28 C.F.R. § 36.211.

15. While Plaintiff intends to return to the Property as a patron because he frequently travels to the Noblesville area and enjoys the stores located at the Property, Plaintiff pleads that yet another reason for his return is to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property, such as restriping the ADA parking spaces, adding ADA signage, relocating the spaces away from the protruding curb ramps to ensure level surfaces, and regrading ramps with compliant slopes, is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to

fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff seeks reimbursement of his reasonable attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

WHEREFORE, the Plaintiff, DENNIS TOOLEY, demands judgment against Defendant, CUMBERLAND POINTE RETAIL COMMONS, LLC, and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter the Property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and modify its policies and procedures within a reasonable time to ensure compliance with the ADA;

D. That the Court award Plaintiff's reasonable attorney's fees, costs, and other expenses of suit; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: October 16, 2026.

Respectfully Submitted,

By: *Louis I. Mussman* .
Louis I. Mussman, Esq.
Bar No. 597155

MUSSMAN & ASSOCIATES, P.A.
18501 Pines Blvd, Suite 349
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com